ROCKHEY, *Appellant*, v. ROCKHEY *et al.*

1. **Homestead**: WILL. A husband cannot, by will, deprive his wife and minor children of their homestead right in his estate.

2. ——— : ———. After the children have all reached their majority, the widow is entitled to have the homestead set off for her exclusive use and occupancy.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Geo. Hall* for appellant.

(1) The homestead right provided by Revised Statutes, 1879, section 2693, became an absolute and vested right upon the death of the husband, unaffected by Revised Statutes, 1879, section 2199. It is a right that the statute places beyond the power of the testator to affect by will, and requires no act of election or renunciation on the part of plaintiff. R. S. 1879 sec. 2693; *Gregg v. Gregg*, 65 Mo. 343; *Kaess v. Gross*, 92 Mo. 647. (2) The testator does not attempt to restrict the plaintiff's homestead right by the provisions of the will, but expressly recognizes the same and says she shall have the privilege of residing on the homestead, which must be construed to mean the homestead as provided by the statute. The homestead right and dower right are separate and distinct rights. The will could affect the dower right only. The statutes of Missouri place the homestead beyond a devise by the husband. R. S. 1879, secs. 2199, 2693, 2694; *Gregg v. Gregg*, 65 Mo. 343; *Bates v. Bates*, 97 Mass. 392; *Doane v. Doane*, 23 Vt. 650.

*P. C. Stepp* and *J. H. Shanklin* for respondents.

(1) It is admitted that the husband cannot, by devise, deprive the wife of her estate of homestead any more than he can, by the same means, cut off the wife's dower. Here the right of dower and homestead are parallel, and the doctrine of election applicable to dower is equally applicable to homestead. If the terms of the will express a clear intention that the bequests are made in lieu of homestead, then the widow will be put to her election whether she will have her homestead or take the bequests in the will. Thompson on Homesteads, sec. 544. (2) The rights under the will and that confirmed by the homestead law were repugnant to each other and the widow had to repudiate the one or the other. *Davidson v. Davis*, 86 Mo. 440 ; *Register v. Hensley*, 70 Mo. 189 ; Thompson on Homesteads, sec. 544. (3) The widow having failed to renounce the provisions of the will and having accepted four installments in money and having for more than three years resided on the homestead, all according to the provisions of the will, she was estopped from asserting any right of homestead, as it was clearly the intention of the testator that the bequests made were to be taken in lieu of homestead as well as of dower. *Davis v. Davidson*, 86 Mo. 440; Thompson on Homesteads, sec. 544; *Meech v. Meech*, 37 Vt. 419.

BLACK, J.—The plaintiff is the widow of Thomas Rockhey, who died testate in 1882, seized of two hundred acres of land in Grundy county and seventy or eighty acres in Livingston county, and upon which he, his wife and children resided at the time of his death. The plaintiff by this suit asks for partition of the land and the assignment of the homestead to her. The question is whether she is entitled to a homestead.

The testator devised twenty acres of land to one son.

made certain bequests to other of the children, and then devised all of the rest of his real and personal estate to the defendant Charles Rockhey and appointed him executor. The third clause of the will is in these words : "I also direct my executor to pay my beloved wife Prudence one hundred dollars at my death, and also the sum of one hundred dollars to be paid her annually during her natural life, and also the privilege of residing on my homestead ; the same to be taken and accepted by her in lieu of dower and any distributive share in my personal estate." The plaintiff did not renounce the will, and in view of this fact, the circuit court held that these provisions made for the widow were in lieu of both dower and homestead, and that therefore she was not entitled to homestead.

Section 2693, Revised Statutes, 1879, provides that if the housekeeper or head of a family shall die, leaving a widow or minor children, his homestead to the designated value and amount shall pass to and vest in such widow and children, and shall continue for their benefit until the youngest child shall attain the age of majority, and until the death of such widow. "But all the right, title and interest of the deceased housekeeper or head of a family in the premises, except the estate of homestead thus continued, shall be subject to the laws relating to devise, descent, dower," etc. The object of the homestead law is to place beyond the reach of the creditors, the dwelling-house and land belonging thereto to the amount and extent designated. The law is not alone for the personal benefit of the head of the family, but it is mindful of the helpless and dependent members. Hence the homestead is made to pass, by operation of law, to the widow and children on the death of the husband. The clause before quoted shows and shows clearly that this homestead is as much exempt from the operation of the will of the deceased head of the family, as it is from sale for the payment of his debts. It is out of his power

by will to deprive the widow and children of it; for the law makes its own disposition of such estate. The homestead is a different thing from dower, and this is seen from the clause of the statute before quoted; for though the homestead estate is thus preserved to the widow and children, still the laws in respect of dower attach, but subject to the homestead. It is true dower in the entire estate must be diminished by the amount of the interest of the widow in the homestead, but that argues nothing against what has been said. All this we held in *Kaes v. Gross*, 92 Mo. 658, and we adhere to what is there said.

The plaintiff contends that the will itself secures to her the homestead, but the court ruled that, under the peculiar wording of it, she only had a right to reside therein with the residuary devisee. Be the true construction of the will what it may, we have seen that she is entitled to her homestead, and since the children are all now of full age, she is entitled to have it set off for her exclusive use and occupancy.

Judgment reversed and cause remanded. All concur.