[Sac. No. 1076.   Department One.—July 16, 1904.]

A. OTTO, Respondent, v. ·JOHN T. LONG et al., Appellants.

ESTATES OF DECEASED PERSONS — PROBATE HOMESTEAD — COMMUNITY PROPERTY—TITLE OF WIDOW.—An order of the superior court setting apart a probate homestead to the widow out of the community property, there being no minor children, vests title thereto absolutely in the widow; and a foreclosure of a mortgage executed by her vests title in the purchaser.

ID.—FILING AND ENTRY OF ORDER—PRIOR MORTGAGE BY WIDOW.—The fact that the order setting apart such homestead to the widow was not filed or entered until after she had executed the mortgage, which was foreclosed against her, does not affect the validity of the title of the widow, nor of the mortgage executed by her. The entry of the order is a mere ministerial act of the clerk, and the lack of it does not affect the adjudication; and the mortgage would include any after-acquired title, even if the entry were deemed necessary.

ID.—FAILURE TO RECORD ORDER.—The failure of the widow to record the homestead order in the office of the recorder cannot render the order ineffectual. The probate homestead is the creation of the court, and its existence is complete when the court has concluded its action. The provision for recording it is designed only to impart notice to third persons.

ID.—DECLARATION OF HOMESTEAD—ADJUDICATION—COLLATERAL ATTACK —ACTION TO QUIET TITLE.—The court in making the adjudication for a probate homestead, necessarily determined that the facts existed which authorized it to do so; and where the pleadings in an action to quiet title did not make any direct attack upon such adjudication, it cannot be collaterally attacked by showing that the deceased in his lifetime made a declaration of homestead, which had not been abandoned at the time of his death.

ID.—ORDER WITHOUT NOTICE—ABSENCE OF APPEAL—POWER OF LEGISLATURE—EXCLUSIVE CONTROL.—The fact that no notice is required to be given before making the order setting apart a probate homestead from community property, and that such order is not appealable, does not affect its validity against the heirs or devisees. The legislature has exclusive control over the right of inheritance and of testamentary disposition, and over the course of administration, and the character of the evidence required therein, and over the right of appeal in probate matters.

ID.—DUE PROCESS OF LAW—INHERITANCE SUBJECT TO CONTINGENCY.— The heirs and devisees of the decedent are not deprived of their property without due process of law because such order for a probate homestead is made without notice or the right of appeal; but they take their right of inheritance subject to such a contingency.

APPEAL from a judgment of the Superior Court of Lassen County.  C. E. McLaughlin, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, and Garoutte & Goodwin, for Appellants.

Spencer & Raker, H. D. Burroughs, and N. J. Barry, for Respondent.

SHAW, J.—This is an action to quiet title to some three hundred and twenty acres of land.  The principal defense is made by the defendant John T. Long, as administrator of the estate of Allen Wood, deceased.  The other defendants claim only as devisees under the will of the said Allen Wood. Judgment was given for the plaintiff, and the appeal was taken from the judgment within sixty days after its rendition, the evidence being brought up in a bill of exceptions.

The plaintiff claims title by virtue of a sale and deed to him under a decree foreclosing a mortgage on the land, executed to the plaintiff December 1, 1893, by the defendant Mary Wood, widow of said Allen Wood, and by Mary E. Long, daughter of said Allen Wood, and her husband.  Allen Wood died testate on August 1, 1890, and both Mary Wood and Mary E. Long were interested in the land as devisees named in his will.  It is obvious that, if at the time this mortgage was executed, the title to the land therein described was in either of the mortgagors, it would now be vested in the plaintiff under the foreclosure sale.  The appellants claim that the land was a part of the assets of the estate of Allen Wood at that time, and, hence, that the mortgage could not and did not affect the interest of the estate therein possessed by the administrator, nor the interest of any of the devisees under the will, except that of those who executed the mortgage.

We are of the opinion that when the mortgage was executed the land was not a part of the assets of the estate, but was the property of Mary Wood, having been vested in her by an order declaring it a probate homestead for her benefit, unless it be true that a part of it was vested in Mary E. Long by title paramount to that of Allen Wood in his lifetime.  This latter

proposition we need not decide, for, as Mary E. Long executed the mortgage, it would carry whatever right, title, or estate was vested in her, and by the foreclosure sale that estate would be transferred to the plaintiff.

The title and estate in the land possessed by Allen Wood at his death was acquired during his marriage to Mary Wood, and it was therefore community property. Allen Wood left surviving no minor children. On November 27, 1893, the superior court made an order in the matter of the estate purporting to set apart to Mary Wood, as his widow, all the lands here in controversy as a homestead. By virtue of this order, under the provisions of section 1468 of the Code of Civil Procedure, the title or right of the estate of Allen Wood, whatever the nature of that title or right may have been, vested absolutely in the widow, Mary Wood, and it was her property at the time she executed the mortgage.

The fact that the homestead order was not filed, and presumably was not entered, until December 4, 1893—three days after the date of the mortgage—is of no importance. The order on its face recites that it was made on November 27, 1893. The entry of the order was not necessary to make it valid or effectual to pass the title. In this respect it is subject to the same rule as a judgment, and becomes effectual as to the estate and those entitled to succession by law or devise, as soon as it is made or rendered. The entry of a judgment or order is a mere ministerial act of the clerk, and the lack of it does not take away or delay the effect of the adjudication, except where some statute expressly or by implication so provides. (*Estate of Newman,* 75 Cal. 213;[1] *Los Angeles County Bank* v. *Raynor,* 61 Cal. 147; *Estate of Cook,* 77 Cal. 224.[2]) Moreover, under the provisions of section 2930 of the Civil Code, a mortgage would include an after-acquired title of either of the mortgagors, the same as if such title was acquired before the mortgage was made, and therefore it would carry the title vested in the widow under the appropriate homestead, even if the entry was necessary to make her homestead good and effectual.

The failure of the widow, who was then also acting as the administratrix of the estate, to record the homestead order in the office of the recorder does not render the order in-

---

[1] 7 Am. St. Rep. 146.                    [2] 11 Am. St. Rep. 267.

effectual.   The provision of the code, that the court shall "select, designate, and set apart, and cause to be recorded, a homestead," does not make the recordation of the. order a necessary part of the process .of creating a probate homestead. There is not in section 1465 of the Code of Civil Procedure, providing for the creation of probate homesteads, as there is in section 1265 of the Civil Code, relating to ordinary homesteads, a provision declaring, in effect, that ·the homestead does not come into existence until the declaration is filed for record. The probate homestead is the creation of the court, and its existence is complete when the court has concluded its action. The subsequent act of recording is ministerial only, and must take place after the action of the court is completed by the making of the order.   The provision for recording it in the recorder's office is manifestly nothing more than a direction for the preservation of an additional record, to impart notice to third persons.

It is further claimed that the order setting apart the homestead is invalid, because the deceased, in his lifetime, had selected a homestead, which, at the time of his death, had not been abandoned.   Before making the order, it was necessary for the court to determine that the facts existed which authorized it to do so.   This determination cannot be inquired into collaterally.   (*Estate of Moore,* 96 Cal. 530; *Fealey* v. *Fealey,* 104 Cal. 360;[1] *Hanley* v. *Hanley,* 114 Cal. 690.)   The pleadings lay no foundation for a direct attack, and hence the existence of a˙ homestead in his lifetime is immaterial.   The order is valid on the face of the record, and facts *aliunde* to show the absence of authority in the court to make it cannot be proved under the pleadings.

Nor can the fact that no notice is required to be given before making the order or the fact that it is not appealable affect its validity against the heirs and devisees.   The right of inheritance, the power of testamentary disposition, the nature and mode of the proceeding for administration, as well as the character of the evidence by which proof of the fact of disposition shall be preserved and the right of appeal in probate matters, are all within the exclusive control of the legislature.   The persons who, by grace of the statute, are designated or constituted heirs or devisees, have no ground

---

[1] 43 Am. St. Rep. 111, and note.

for a claim that they are deprived of their property without due process of law, merely because the same statutory law which provides that they shall inherit and that property may be disposed of by will has also provided that, notwithstanding such heirship or testamentary disposition, the court having jurisdiction of the estate of the deceased before distribution may under certain conditions, to be by it determined without notice, set apart some or all of the estate absolutely to the widow, and no appeal is allowed from the order. They take the estate subject to that very contingency, and they are not deprived of it in the sense intended by the constitutional inhibition when that contingency occurs.

There are other questions discussed in the briefs, but as they are all dependent upon the assumption that the homestead was invalid, it will not be necessary to consider them.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.