Argued October 19, reversed and remanded November 29, 1921, argued on rehearing February 7, affirmed April 27, 1922.

## LEET *v.* BARR ET AL.

(202 Pac. 414; 206 Pac. 548.)

**Homestead—Exempt Real Property may be Set Apart to Surviving Husband.**

1. Section 1234, Or. L., as amended by Laws of 1919, page 50, granting to surviving husband the right to have set apart to him exempt property of the estate of his deceased wife, applies to real property embraced in the family homestead, as well as to personal property.

**Homestead—Married Woman's Power to Testamentary Disposition Subordinate to Surviving Husband's Right to Homestead.**

2. Since Laws of 1919, page 160, exempting homestead property from the debts of the owner, does not change or prescribe the course of descent of a family homestead, nor grant any power to dispose of it by will, the widow's right to have it set apart to her, under Section 1234, Or. L., as amended by Laws of 1919, page 50, remains paramount to deceased's right of testamentary disposition, and the power of testamentary disposition conferred on a married woman by Laws of 1919, page 621, is subordinate to the authority of the probate court, under Section 1234, to set apart her exempt property to her surviving husband.

**Homestead—May be Set Apart to Surviving Husband, Though Acquired Before Enactment of Statute Authorizing Such Action.**

3. Since the right of a married woman, under Laws of 1919, page 621, to make a testamentary disposition of property is not

———

3. On the question as to whether the right to take property by will or inheritance is a natural or statutory right, see note in 9 L. R. A. (N. S.) 121.

On right of husband as against creditors to claim homestead as exempt where title is vested in wife, see note in 13 L. R. A. (N. S.) 170.

an inherent, natural or constitutional right, but purely statutory and within legislative control, as is also the right to take by devise or inheritance, a wife, who acquired homestead property before the enactment of Laws of 1919, page 50, incorporated in Section 1234, Or. L., authorizing exempt property to be set apart to a surviving husband, was not vested with the right to dispose of such property by will free from the requirement of such statue.

#### Homestead—Surviving Husband not Estopped by Conduct to Claim Homestead, Where Ignorant of Right Thereto and No One Injured.

4. A surviving husband, who accepted a bequest under his deceased wife's will, ceased to occupy property he afterwards sought to have set apart to him as a homestead, received half the rents for over a year from tenants who occupied the premises with his consent, and made no objection to the filing of the administratrix's final account or the order of distribution, was not thereby estopped from asserting his claim to a homestead, where he was without knowledge of his right thereto until about the time he filed his petition, and no one was induced to alter his position to his injury or misled into such action that he would suffer injury if petitioner were allowed to change his attitude.

### ON REHEARING.

#### Homestead—"Descend" to Lineal Descendants Subject to Dower.

5. Laws of 1919, page 160, exempting homestead property from debts of the owner, provides that, when the owner of any homestead shall die intestate, such homestead shall "descend" to the person designated by law as determined by Section 10125, Or. L. By use of the word "descend," meaning the vesting of the real property in the heir by operation of law immediately upon death of ancestor, the real property of deceased intestate does not descend to the widow or husband, but to the lineal descendants subject only to the right of dower.

#### Statutes—Words having Definite Legal Meaning Construed According to Accepted Legal Definition.

6. When words or terms having a definite legal meaning are used in a statute by the legislature without defining them, they will be construed according to their accepted legal meaning.

#### Homestead—Subject to Devise as Freely as Other Real Property.

7. Under Laws of 1919, page 160, providing that, when any homestead shall have been disposed of by will, the devisee shall take the same, where a married woman devised her homestead to her children, the devise vested in the children the homestead subject only to the dower of the husband.

---

7. Right to make testamentary disposition of homestead, see notes in 21 Ann. Cas. 248; Ann. Cas. 1914B, 271.

104 Or.—3

Statute—Effect must be Given to All Terms.
    8.   Effect must be given to all the terms of a statute.

Statutes—Specific Governs General Provisions.
    9.   Specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law which might otherwise be broad enough to include it.

From Multnomah: GEORGE TAZWELL, Judge.

In Banc.

This appeal is prosecuted from an order of the Circuit Court of Multnomah County, denying appellant's application to have set apart to him as exempt property of the estate of his deceased wife, Mary E. Leet, pursuant to Section 1234, Or. L., the real property that was the actual abode of and occupied by appellant and decedent at the time of the death of the latter. The real property in question was acquired by Mary E. Leet in May, 1918, with moneys that were her separate property, and title thereto was vested in her at the time of her death. Besides appellant, Mary E. Leet left surviving her three adult children by a former marriage. By her last will, made on the nineteenth day of February, 1916, she bequeathed to appellant the sum of ten dollars, and subject to the right of appellant as tenant by curtesy therein, devised all of her real estate to her son and two daughters. Until about the time he filed his said petition in the Circuit Court, appellant was without knowledge or information that the statute provided for the setting apart of a husband the exempt property of the estate of his deceased wife. Some time after the death of Mary E. Leet, appellant received and accepted the bequest of ten dollars made to him by the last will of the decedent, and appellant also ceased to occupy the property which he seeks to

have set apart to him as a homestead, and thereafter with his consent the property was occupied by tenants and appellant received one half of the rents therefrom for over a year. Subsequently upon being informed that he might claim a homestead in the property, he thereupon returned thereto and occupied one room in the dwelling-house and asserted his claim to have the property set apart to him as a homestead; in the meantime the administratrix had filed her final account, and distribution of the property of the estate had been ordered, all without objection from appellant. The devisees under the will, one of whom is the administratrix of the estate, stoutly resist appellant's claim to a probate homestead in the real property in question.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. John C. Shillock.*

For respondent there was a brief and oral argument by *Mr. John W. Kaste.*

McCOURT, J.—1. The statutory provision for setting apart to the husband the exempt property of the estate of his deceased wife was incorporated into Section 1234, Or. L., by Chapter 37 of Laws of 1919. The contention made and rejected by this court in the cases of *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902), and *In re Frizzell's Estate,* 95 Or. 681 (188 Pac. 707), Section 1234, Or. L., applies to personal property of the estate only, and does not include the real property embraced in the family homestead, is renewed in this case. While those cases are decisive of the point, we have again carefully examined

the question, and we are satisfied that the construction given the statute in the cases mentioned is correct and is in harmony with the manifest purpose of the homestead statute. The conclusions there reached and here reaffirmed are supported by many decisions of courts of last resort of other states in cases construing analogous statutes.

2. It is also insisted that conceding the correctness of the construction there placed upon Section 1234, Or. L., in connection with the statute providing for a family homestead, as those statutes existed at the time of the decisions mentioned, still that construction cannot prevail in view of the amendment of the homestead statute, Laws of 1919, Chapter 112, for the reason that the last-mentioned amendatory act was enacted at a later date in the same legislative session that granted to a surviving husband the right to have set apart to him the exempt property of the estate of his deceased wife. The argument is advanced that the amended homestead statute expressly creates a right in the owner of the homestead property to freely dispose of the same by will, and that the later act is inconsistent with the earlier act, Section 1234, Or. L., passed at the same legislative session and by implication repealed the same in respect to homestead property. By way of enforcing the argument, attention is directed to Chapter 351, Laws of 1919, which declares that a married woman may by will dispose of any real estate held in her own right, subject to any right which her husband may have as tenant by curtesy, and that every person of the age of twenty-one years or upward, may devise all of his estate, real and personal, saving to the widow her dower. The statute last mentioned constitutes a re-enactment of

statutory provisions that have been in force throughout the life of the state and which were fully considered by this court in deciding the case, *In re Frizzell's Estate.*

Prior to the 1919 enactment, the homestead statute did not in any way control the descent of the real property embraced in the homestead. Under that statute such real property passed to those designated in the general statute regulating the descent of real property, unless set apart to the widow by the probate court as exempt property of the estate, as authorized and commanded by Section 1234, Or. L.: *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902); *In re Frizzell's Estate,* 95 Or. 681 (188 Pac. 707).

That statute contained no provision concerning testamentary disposition of the homestead property, but this court held in *In re Frizzell's Estate* that the power of testamentary disposition is subordinate to the authority conferred by statute on the probate court to set apart as exempt property the homestead for the use of the widow and minor children.

Mr. Justice BENNETT, speaking for the court, at page 688 of the opinion, said:

"We think a statute intended for so just and benecial a purpose should be liberally construed in the interests of the widow and the children. It follows that any devise by the husband and father, attempting to convey the property to other persons by will, to take effect after his death, is void as against their claim to have the property set aside to them."

The rule expressed in the above quotation is abundantly supported by authority: Alexander on Commentaries on Wills, Vol. 1, § 252; Vol. 3, § 1424, Thompson on Homestead and Exemptions, § 544; Waples on Homestead and Exemptions, p. 446; *Sulzberger* v. *Sulzberger,* 50 Cal. 385; *Estate*

*of Lahiff,* 86 Cal. 151 (24 Pac. 850); *Estate of Walkerly,* 108 Cal. 627, 655 (41 Pac. 772, 49 Am. St. Rep. 97); *Estate of Huelsman,* 127 Cal. 275 (59 Pac. 776); *Estate of Bump,* 152 Cal. 274 (92 Pac. 643); *Otto* v. *Long,* 144 Cal. 144 (77 Pac. 885); *In re Kennedy Estate,* 157 Cal. 517 (108 Pac. 280, 29 L. R. A. (N. S.) 428); *In re Davis Estate,* 69 Cal. 458, 460 (10 Pac. 671); *In re James Estate,* 38 S. D. 107, 112; *Bell* v. *Bell,* 84 Ala. 64 (4 South. 189).

3. The amended homestead act, Laws of 1919, Chapter 112, does not purport to change or prescribe the course of descent of a family homestead and does not contain any grant of arbitrary or other right or power to dispose of the homestead by will. It merely exempts from the debts of the owner the homestead property in the hands of particular heirs or devisees designated in the statute, so that the rule declaring that the right of the widow to have the homestead property set apart to her is paramount to the right of testamentary disposition which prevailed under the former enactment, applies with equal force to the present statute. The power of testamentary disposition of the homestead property conferred upon a married woman by statute is subordinate to the authority conferred upon the probate court to set apart the property to her surviving husband for his support and that of the minor children.

But it is said that inasmuch as Mary E. Leet acquired the property before the statute authorized exempt property to be set apart to a surviving husband, she became vested with the right to dispose of the property by will, free from the requirements of the later statute to set the same apart to appellant.

It is further asserted that decedent's right of testamentary disposition of the property was a natural right, inherent in the ownership of the property and one that cannot be restricted or taken away by legislative enactment subsequent to her acquisition of the property.

The right to make a testamentary disposition of property is not an inherent, natural or constitutional right, but is purely a creation of statute and within legislative control: 28 R. C. L. 68, 69; 40 Cyc. 997; Church's Probate Law and Practice, Vol. 3, p. 2069; *United States* v. *Perkins,* 163 U. S. 625 (41 L. Ed. 287, 16 Sup. Ct. Rep. 1073); *Irwin* v. *Rogers,* 91 Wash. 284 (157 Pac. 690, L. R. A. 1916E, 1130).

Likewise the right to take by devise or inheritance exists by grace of the statute: *Otto* v. *Long,* 144 Cal. 144, 147 (77 Pac. 885); *Estate of Bump,* 152 Cal. 274, 277 (92 Pac. 643).

In the case of *Otto* v. *Long,* above cited, Mr. Justice SHAW, speaking for the court, said:

"The persons who, by grace of the statute, are designated or constituted heirs or devisees, have no ground for a claim that they are deprived of their property without due process of law, merely because the same statutory law which provides that they shall inherit and that property may be disposed of by will has also provided that, notwithstanding such heirship or testamentary disposition, the court having jurisdiction of the estate of the deceased before distribution may under certain conditions, to be by it determined without notice, set apart some or all of the estate absolutely to the widow, and no appeal is allowed from the order. They take the estate subject to that very contingency, and they are not deprived of it in the sense intended by the constitutional inhibition when that contingency occurs."

In the case note to the case of *Nunnemacher* v. *State,* 9 L. R. A. (N. S.), p. 121, one of the very few cases that hold that the right to take property by will or inheritance is a natural right, the editor makes the following observation:

"The proposition enunciated by the Wisconsin court, that the right to take property by will or inheritance is a natural right, seems to be entirely opposed to the whole course of legal doctrine. Not a single other legal authority can be found to support it, and it is opposed to the views of all historians of law, and of all economic writers. Indeed, the entire body of the law of descent and distribution seems to have been built upon the opposite conclusion. For example, in the absence of an enabling statute, neither aliens nor bastards can inherit property. As a matter of fact, the cases which uphold the proposition that the right to take property by will or inheritance is purely the creature of municipal law are so numerous that no attempt is here made to collate them all."

4. Some question is made that the course of action pursued by appellant between the time of the death of Mary E. Leet and the filing of his petition to have a homestead set apart to him estops him from asserting his claim to a homestead. The elements essential to constitute an estoppel are not present in this case. No one was induced to alter his position to his injury by appellant's action, or misled into such action that he will suffer injury if appellant is allowed to change his attitude.

It is also contended: (a), that by ceasing to make his actual abode on the homestead premises, appellant abandoned his right to claim a homestead therein; and (b), that an election to take under the will resulted from appellant's acceptance of the bequest of ten dollars and the receipt by him, with-

out objection, of one half of the rentals from the homestead property for one year.

In substance those latter contentions were made in the case of *Krieger* v. *Iltz,* consolidated with this case for hearing, the opinion in which is filed here-with. In that opinion those contentions are discussed and fully considered, and the questions raised thereby are decided against respondents.

The judgment and decree of the Circuit Court is reversed and the case remanded, with directions to the Circuit Court to enter an order setting apart to appellant the real property described in appellant's petition as exempt property of the estate of Mary E. Leet, deceased.   REVERSED AND REMANDED.

BURNETT, C. J., Dissenting.—In January, 1920, Mary E. Leet died in Multnomah County, leaving a last will and testament dated in 1916. At the time of her death she was residing with the petitioner, her husband, on a lot in Portland, Oregon, upon which there is a small dwelling-house, the value of the property being approximately $2,000. It was purchased in 1918 with the money of the decedent, and title was taken in her name. The petitioner has no family, there having been no issue of the marriage between himself and the decedent. She had children by a former marriage, all of whom have passed the age of majority. Her will, which was duly admitted to probate and upon which her estate was settled, contained the following provisions:

"Whereas, my husband, Oliver E. Leet, is possessed of a sufficient amount of money and property to keep him in comfort during the remainder of his life time,

"And whereas, most of my property consists of money and property which were left to me by my

parents and my former husband, father of my children,

"Therefore, I give and bequeath unto my husband, Oliver E. Leet, the sum of ten ($10.00) dollars,—subject to any rights which my said husband may have as tenant by curtesy, under the laws of the state of Oregon.

"I hereby give and devise unto my said children, John J. Clark, Bertha G. Barr and Eula M. Newell, all of the real estate of every name and nature owned by me at the time of my death, to share and share alike."

It appears that the petitioner has received and retains the ten dollar legacy given him by the will, and that shortly after the death of the testatrix he removed from the premises in question, placed tenants thereon and for some months collected the rents, retaining half thereof and accounting to the administratrix for the other half, apparently in the enjoyment of his estate by the curtesy. Early in February, 1921, he returned to the dwelling and continued to occupy one room thereof, his tenants being in possession of the remainder of the house. He took his meals elsewhere. He filed his petition to have the property set aside as a homestead to belong to him as his own realty. This was opposed by the personal representative of the decedent, and his petition was denied; hence his appeal.

The cases of *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902), and *In re Frizzell's Estate,* 95 Or. 681 (188 Pac. 707), decided in Department No. 2 of this court, are relied upon by the petitioner as conclusive of this case. Those cases were decided under the original homestead law appearing in Sections 221–226, L. O. L. Involved in those cases was Section 226, L. O. L., reading thus:

"The homestead aforesaid shall be exempt from sale on any judicial process after the death of the person entitled thereto for the collection of any debts for which the same could not have been sold during his lifetime, but such homestead shall descend as if death did not exist."

In *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), the court rightfully deeming the statute unintelligible by the employment of the word "death" where the same last occurs in the above excerpt, in effect edited the section so as to substitute "exemption" in place of "death," making the rule by that process to be that "such homestead shall descend as if exemption did not exist." The two cases first mentioned turn upon the application of Section 1234, L. O. L., prescribing that "upon the filing of the inventory, the court or judge thereof shall make an order, setting apart, for the widow or minor children of the deceased, if any, all the property of the estate by law exempt from execution. The property thus set apart, if there be a widow, is her property, to be used or expended by her in the maintenance of herself and minor children, if any." The essence of the two decisions is, that property which might have been claimed by the owner as a homestead is exempt from execution and hence within the purview of Section 1234, L. O. L., giving it absolutely as her property to the widow.

The homestead statute, however, has since been amended and after several sections respecting the definition of homestead and the manner of setting it aside, has two Sections, 225 and 226, Or. L., here quoted in full:

"When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend free of all judgments and claims against

such deceased owner or his homestead estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens, to the person and in the manner provided by law; provided, however, that such exemption shall not extend to any person other than a child, grandchild, widow or husband, and father or mother of the deceased owner; and provided further, such homestead shall be subject to and charged with the expenses of his last sickness and for his funeral and the costs and charges of administration." Section 225.

"When any homestead shall have been disposed of by the last will and testament of the owner thereof, the devisee shall take the same free of all judgments and claims against the testator of [or] his homestead estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens; provided, however, that such exemption shall not extend to any devisee other than a child, grandchild, widow or husband, and father or mother of the testator; and provided further, such homestead shall be subject to and charged with the expenses of his last sickness and of his funeral and the costs and charges of probate." Section 226.

Under these two sections it is clear that the legislature has recognized the right of the owner of a homestead to dispose of the same by will, and that if he does not devise it, it "shall descend free of all judgments and claims against the owner or his estate * * to the person and in the manner provided by law." It is well to inquire into the nature of the right given by Section 1234, Or. L., awarding to the surviving spouse the property exempt from execution. *In re James' Estate,* 38 S. D. 107 (160 N. W. 525), decided that Section 154 of the South Dakota Probate Code, which corresponds in substance to our Section 1234, Or. L., is not a statute of succession. The court there said:

"The allowance therein provided for is not in the nature of an interest in property. It is merely a preferred claim against the estate of a decedent which may or may not be available according to the circumstances."

In *Wilson* v. *Wilson*, 55 Colo. 70 (132 Pac. 67), the principle is thus laid down:

"Under all the decisions of the courts which we have been able to find, a widow's allowance is not in the nature of an interest in an estate; it is not something which goes to the widow by descent. It is a preferred claim against the estate. * * This allowance is no part of the distributive share of the estate, but is rather, in a very just and proper sense, a charge or claim against the estate. It is, indeed, nothing more or less than a part of the costs of administration."

Even dower and curtesy are not such estates as "descend." They originate by operation of law at the time the matrimonial alliance upon which they depend is formed, and the death of either spouse merely works out the consummation of the estate already initiated. The Supreme Court of Utah, deciding *In re Bullen's Estate*, 47 Utah, 96 (151 Pac. 533, L. R. A. 1916C, 670), considered the subject of the nature of an estate in dower as affected by the inheritance tax law, and said:

"What the wife receives under Section 2826—one third in fee simple of all the legal and equitable estate in real property possessed by the husband during coverture, and not relinquished by her—she receives, not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she could not have been deprived by will or by any other voluntary act of her husband without her consent. Under that section, she is not an heir within the meaning of our intestate or succession statutes" Citing authorities.
statutes:" Citing authorities.

It is true, the court was there considering whether or not the dower estate was subject to an inheritance tax under the Utah statute, and it is likewise a fact that our inheritance tax law specifically includes all property "which shall pass or vest by dower, curtesy, will or by statutes or inheritance": Or. L., § 1191. The case is cited here for the purpose of showing that dower and curtesy are estates which do not come within the operation of the law of descents. The claim contemplated by Section 1234, Or. L., does not possess the dignity of an estate, for it depends partly at least upon demand of parties and action of the court thereon and does not arise purely by operation of law. It is not in the category of the statute of descents.

The cases cited in the various text-books to support the doctrine that the owner of a homestead cannot devise it away from his family, are founded on statutes unlike ours. For instance, the California statute embodied in Section 1465 of Deering's California Code of Civil Procedure specifically includes the homestead in so many words as property which must be set aside for the use of the surviving husband or wife. See also *In re Kennedy's Estate,* 157 Cal. 517 (108 Pac. 280, 29 L. R. A. (N. S.) 428), to the effect that under the California statute corresponding to Section 1234, Or. L., the widow does not take the allowance provided by the enactment by descent or by will, although the property included may have been devised to her or she may be the sole heir of the decedent. In other words, the section is not a statute of descents. In Alabama, as taught by *Miller* v. *Marx,* 55 Ala. 322, the statute expressly says that "the homestead is exempt from administration." And in Minnesota the statute directly gives

the surviving spouse a life estate in the homestead: *Eaton* v. *Robbins,* 29 Minn. 327 (13 N. W. 143). In Missouri the statute gives a homestead to the widow and children and directly excepts it from the operation of other laws: *Rockhey* v. *Rockhey,* 97 Mo. 76 (11 S. W. 225). The Tennessee Constitution says that the homestead shall inure to the benefit of the widow and children: *Mason* v. *Jackson* (Tenn.), 57 S. W. 217; *Macrea* v. *Macrea* (Tenn.), 57 S. W. 423. And in Texas the Constitution causes the homestead to descend subject to occupancy by minor children: *Hall* v. *Fields,* 81 Tex. 553 (17 S. W. 82). Other statutes of the kind are noted and distinguished from our own in the opinion of Mr. Justice EAKIN in *Mansfield* v. *Hill, supra.*

These statutes definitely point out what is to become of the homestead on the death of its owner. Our Section 1234, which constitutes merely a claim against the estate, does not mention homestead by name. It refers in general terms to property exempt from execution. When we come, however, to examine the statute treating particularly of homesteads in Oregon, we find that, speaking directly about homestead in that name, it says that the homestead shall "descend free of all judgments and claims against such deceased owner or his homestead estate, * * to the person and in the manner provided by law." And in case of a testator who devises his homestead, "the devisee shall take the same free of all judgments and claims" as before stated. This specific direction about the devolution of the homestead estate must by all rules of statutory construction prevail over the general statement about the award of property exempt from execution. It has been shown by the authorities that this constitutes a claim and comes

within the provision of the statute that this homestead shall pass by descent or by will free of all claims. Other statutes in different states have made homestead the subject of such claim, while ours has given it direct course down the line of descent or according to the will of the testator. We cannot rightly say that it is subject to such a claim when the law explicitly says it shall "descend," or "the devisee shall take the same free of all judgments and claims."

In determining the signification of the term "descent" we have but to look to our own statute describing the course of descent of real property embodied in Section 10125, Or. L., saying:

"When any person shall die seized of any real property or of any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, not having lawfully devised the same, such real property shall descend subject to his debts, as follows:

"1. In equal shares to his or her children, * * " etc.

Neither curtesy, dower, nor the claim grounded on Section 1234 comes within its operation. The legislature has said directly that instead of taking the course marked out by the statute on dower, curtesy or the claim provided for in Section 1234, the homestead shall go by descent or will. At the very least, the latest expression of the legislative assembly on that subject would constitute an exception to the general rule prescribed in Section 1234, Or. L.

By the act of the legislative assembly filed in the office of the Secretary of State February 11, 1919, Section 1234, L. O. L., was amended so as to extend its benefits not only to the widow but also to the surviving husband. The homestead law was

amended by Chapter 112 of the Laws of 1919 by the act approved February 22d of that year. The amendatory act of the homestead law contains a section repealing the whole original homestead law and "all acts and parts of acts in conflict herewith."

A homestead does not arise merely because it is a residence of a family. The statute prescribes a process whereby a homestead may be claimed, but ultimately it depends upon the act of the owner claiming the right: *Hansen* v. *Jones,* 57 Or. 416 (109 Pac. 868); *Mansfield* v. *Hill, supra.* In other words, homestead itself and the enjoyment thereof are pure creatures of claim and not only so, the statute prescribes the method whereby the realty may be sold in spite of the claim, under certain conditions of making allowance for the value thereof. The consequence is, that the new homestead act of February 22, 1919, providing as it does that the homestead shall descend or the devisee shall take it free of all judgments or claims against the deceased owner or his homestead estate, excludes not only the claim of homestead but also the claim authorized by Section 1234, Or. L. This exemption, however, in the terms of the new statute does not inure to the benefit of any person other than a child, grandchild, widow or husband, and father or mother of the deceased owner, but they take by descent or as devisees. This provides a course for the devolution of realty which might have become a homestead if the owner had claimed it as against a levy upon the same. It could not be "exempt from execution," unless such a claim was made. The property "descends" free from "all judgments and claims," not all judgments and some claims, but all claims. This must include the claim

104 Or.—4

necessary to the creation or enjoyment of a homestead, or at least the claim based on Section 1234.

Moreover, this is a statute later than Section 1234, enacted at the same session. It must therefore be deemed the paramount expression of the legislative will. Indeed, it says that "all acts and parts of acts in conflict herewith" are repealed. Taking the whole of the new homestead statute together and in connection with the statute of descents, it provides a rule of descent or devise by will, which must prevail over everything else which would interfere with a devise or the prescribed course of descent. The new statute asserts it in unmistakable terms and is not to be turned from its purpose by an earlier statute which may seem on superficial examination to interfere. In brief, Section 1234 is not a statute of descents. It is merely a statute of claims and cannot control the mandate of later legislation that the homestead shall "descend."

It is easy to paint a lugubrious word picture of a profligate father who, dying, leaves a widow and little children destitute but for the homestead which he could have claimed as exempt from payment of his debts. It is quite as apropos to contemplate an ill-advised marriage of that same widow by whose death the patrimony of those same children is diverted to a stranger, resulting in their improverishment. A sentimental imagination, however, is not a safe canon by which to construe a statute, nor should liberality of construction annul the express provisions of the law. When it says the devisee shall take free from all claims, it does not mean that he shall take subject to the claim fashioned in Section 1234 or one originating in a possible claim of homestead.

These views of the writer are applicable alike to the case of *Iltz* v. *Krieger*, argued with this case. The judgment in both cases should be affirmed.

For these reasons I dissent from the opinion of Mr. Justice McCOURT.

---

Affirmed on rehearing April 27, 1922.

ON REHEARING.

(206 Pac. 548.)

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. John C. Shillock.*

For respondent there was a brief and oral argument by *Mr. John W. Kaste.*

RAND, J.—Since the former decision in *Leet* v. *Barr, ante,* p. 32 (202 Pac. 414), a rehearing was granted and this cause has been reargued and we are now of the opinion that the conclusion there reached was erroneous. The decision of this case, as we now view it, depends upon the construction and effect to be given to Chapter 112, Laws of 1919, comprising §§ 221–226, Or. L., in its application to and effect upon the provisions contained in Section 1234, Or. L.

The original Homestead Exemption Law, Laws of 1893, page 93, as amended by Laws of 1905, Chapter 221, which comprised §§ 221–226, L. O. L., was repealed by Chapter 112, Laws of 1919. That law was construed in *Mansfield* v. *Hill,* 56 Or. 400, 405 (107 Pac. 471, 108 Pac. 1007), and it was there held that

it was "only a statute of exemption, and contains no other elements." Under this decision the only effect that could be given to it was that of exempting homesteads from execution. The court there said: "A homestead is purely statutory, and therefore gives no greater right nor estate than the statute creates." Referring to the word "death," which appeared in the last clause of that act, the court said:

"It undoubtedly was used inadvertently instead of 'exemption,' and the effect of the law without that clause is that it will descend to the heirs if not devised or conveyed, for the reason that there is no inhibition against any disposition of the homestead that the owner may see fit to make. Its only effect is to make it exempt from execution if duly claimed by either spouse, against every character of execution except one issued upon foreclosure of a mortgage in which the husband and wife joined. Therefore it is subject to devise or conveyance by the owner, or descends to the heirs under the statute."

When that case and the case of *Wycoff* v. *Snapp*, 72 Or. 234 (143 Pac. 902), were decided, Section 1234, L. O. L., read as follows:

"Upon the filing of the inventory, the court or judge thereof shall make an order, setting apart, for the widow or minor children of the deceased, if any, all the property of the estate by law exempt from execution. The property thus set apart, if there be a widow, is her property, to be used or expended by her in the maintenance of herself and minor children, if any; or if there be no widow, it is the property of the minor child; or if more than one, of the minor children in equal shares, to be used or expended in the nurture and education of such child or children, by the guardian thereof, as the law directs."

From the construction which the court, in *Mansfield* v. *Hill, supra,* placed upon the original Homestead

Exemption Law, it is clear that that law did not have the effect of making inoperative the provisions of Section 1234, L. O. L., as applied to an exempt homestead. It is also clear that unless there was some other statute which had the effect of taking an exempt homestead from the operation of the provisions of Section 1234, L. O. L., the latter statute was bound to control its disposal upon the death of its owner. Under the statute of descent and distribution as then and now in force, except for Section 1234, L. O. L., the title to an exempt homestead upon the death of the owner would have vested in his lineal descendants, subject to the right of dower in the widow. But neither that statute nor the original homestead exemption act had the effect of making the express directions contained in Section 1234 inoperative as to such homestead. For that reason the homestead involved in the case of *Wycoff* v. *Snapp, supra,* and later the homestead involved in the case of *In re Frizzell's Estate,* 95 Or. 681 (188 Pac. 707), were controlled by Section 1234, and were ordered to be set apart for the widow in each case as her separate property, as in both of these cases the owner of the exempt homestead had died before the repeal of the original homestead exemption law.

But no such condition confronts us in this case. After the repeal of the original Homestead Exemption Law and the enactment of a new Homestead Exemption Law, Chapter 112, Laws of 1919, comprising §§ 221–226, Or. L., Mary E. Leet died testate in January, 1920. She left surviving her, a second husband, Oliver E. Leet, and three adult children, the issue of a former marriage. At and prior to her death, the testatrix was living with her husband on the homestead involved here, which consisted of a

dwelling-house and lot. By the terms of her will, she gave to her husband the sum of $10, and the residuum of her estate she gave and devised to her three children, reciting in her will that her husband had sufficient property to keep him in comfort for the remainder of his life, and that the property given to the children consisted of money and property left to her by her former husband, the father of her children, and her parents.

This case, therefore, for the first time presents the question of whether Section 1234, Or. L., as amended by Chapter 37, Laws of 1919, controls the disposal of an exempt homestead where the owner has died since the repeal of the original Homestead Exemption Law and the enactment of the present Homestead Exemption Law, or whether the present Homestead Exemption Law controls its disposal. The amendment of Section 1234, L. O. L., referred to merely added to the statute the word "husband," and is of no importance so far as this question is concerned.

Section 225, Or. L., reads as follows:

"When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend free of all judgments and claims against such deceased owner or his homestead estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens, to the person and in the manner provided by law; provided, however, that such exemption shall not extend to any person other than a child, grandchild, widow or husband, and father or mother of the deceased owner; and provided further, such homestead shall be subject to and charged with the expenses of his last sickness and for his funeral and the cost and charges of administration."

Section 226, Or. L., reads as follows:

"When any homestead shall have been disposed of by the last will and testament of the owner thereof, the devisee shall take the same free of all judgments and claims against the testator of his homestead estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens; provided, however, that such exemption shall not extend to any devisee other than a child, grandchild, widow or husband, and father or mother of the testator; and provided further, such homestead shall be subject to and charged with the expenses of his last sickness and of his funeral and the costs and charges of probate."

Chapter 112, Laws of 1919, comprising Sections 221–226, Or. L., was approved by the Governor on February 22, 1919, and was filed in the office of the Secretary of State on February 24, 1919, while Chapter 37, Laws of 1919, amending Section 1234, L. O. L., and as amended comprising Section 1234, Or. L., was approved by the Governor on February 10, 1919, and was filed in the office of the Secretary of State on February 11, 1919. Sections 225 and 226 being a part of the later act must prevail over Section 1234, Or. L., so far as the provisions of those two sections are in conflict with the provisions of Section 1234, Or. L., as these two sections of the statute are the latest expression of the legislative will.

"Laws are presumed to be passed with deliberation, and with a knowledge of all existing law on the same subject": 1 Lewis' Suth. Stat. Const., § 246, p. 459. That being so, the legislature, with knowledge of the provisions of Section 1234, Or. L., and of the decisions of this court in *Wycoff* v. *Snapp, supra,* and *In re Frizzell's Estate, supra,* expressly provided that exempt homesteads upon the death of the owner should be disposed of according to the provisions of Sections 225 and 226, Or. L., in a manner entirely different from that prescribed by Section 1234, Or. L., and

this clearly shows that the legislature intended to make the provisions of Section 1234, Or. L., inoperative as to exempt homesteads, and to change the rule followed in the two cases last cited. To carry this purpose into effect, the legislature, by Section 7 of the act of which Sections 225 and 226 are a part, expressly declared "that all acts and parts of acts in conflict herewith are hereby repealed." So anything contained in Section 1234, Or. L., in conflict with the provisions of Sections 225 and 226, Or. L., is repealed. Therefore we must look to the provisions of Sections 225 and 226, Or. L., and not to Section 1234, Or. L., for the law to govern the disposal of a homestead upon the death of its owner, whether such owner died testate or intestate, provided his death occurred since Sections 225 and 226, Or. L., went into effect, and all other exempt property of an estate must be disposed of in accordance with the provisions of Section 1234, Or. L.

5. That the legislature intended by the enactment of the present Homestead Exemption Law to change the rule announced in the cases of *Wycoff* v. *Snapp,* and *In re Frizzell's Estate,* appears from the particular, special, and specific directions contained in Sections 225 and 226, Or. L. Section 225 provides that—

"When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall · descend * * to the person and in the manner provided by law."

6. Section 10125, Or. L., determines the persons to whom real property in this state shall descend. The word "descend" has a well-defined legal meaning, and was used in this statute in that sense. As used in this statute it means the vesting of an

estate in real property in the heir by operation of law immediately upon the death of the ancestor. See Bouvier's Law Dictionary. Where a deceased person dies intestate in this state, leaving lineal descendants surviving, his real property does not descend to his widow, but descends to his lineal descendants, subject only to the widow's right of dower. By the use of the word "descend" the intention that a homestead, like all other real property, should descend to the lineal descendants, and not to the widow or husband, is clearly manifested. When the words or terms have a definite legal meaning are used in a statute by the legislature without defining them, they will be construed according to their accepted legal definition: *Crawford* v. *Linn County,* 11 Or. 482, 498 (5 Pac. 738).

7. Section 226 provides:

"When any homestead shall have been disposed of by the last will and testament of the owner thereof, the devisee shall take the same."

8. This clearly shows that the legislature intended that a homestead should be subject to devise as freely and to the same extent as any other kind or class of real property in this state, and we are bound to give effect to these provisions. In the construction of a statute, effect must be given to all of its terms: *Barnes* v. *Massachusetts Bonding Co.,* 89 Or. 141 (172 Pac. 95).

9. The provisions contained in these two sections are positive and imperative, and are not doubtful in meaning or ambiguous, and it is the duty of the court to give effect to them. These provisions are also particular, special and specific in their directions, and therefore would prevail over the general provisions contained in Section 1234, Or. L., if the two

acts had been passed at the same time, as it cannot be supposed that the legislature would have inserted in Sections 225 and 226 the special, particular, and specific provisions contained therein if it had intended that the general provisions of Section 1234, Or. L., should control. If it were not for the provisions contained in Sections 225 and 226, Or. L., a homestead, being exempt from execution, would fall within the operation of Section 1234, Or. L., and would be disposed of as other exempt property of an estate by being set apart as the separate property of the widow or husband of the deceased. The provisions of Section 1234, Or. L., are wholly inconsistent with those of Sections 225 and 226, and, if disposed of under one, a wholly different disposition of a homestead would be made than if disposed of under the other. In deciding which statute should prevail if both had been enacted at the same time, we would be compelled to follow Sections 225 and 226, Or. L., because specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law which might otherwise be broad enough to include it: *Barnes* v. *Massachusetts Bonding Co.,* 89 Or. 141 (172 Pac. 95), and authorities there cited. See, also, *Felt* v. *Felt,* 19 Wis. 193; Lewis' Suth. Stat. Const., § 491.

The judgment and decree of the Circuit Court is therefore affirmed; and it is so ordered.