Argued at Pendleton May 3; affirmed June 27, 1939

# HESS *v.* HESS

(91 P. (2d) 850)

In Banc.

*William L. Harrison*, of Portland, for appellant.

*John F. Kilkenny*, of Pendleton (Raley, Kilkenny & Raley, of Pendleton, on the brief), for respondent.

BELT, J. In April, 1903, John Weidert by warranty deed conveyed 85 acres of land in Umatilla county to his daughter Thresa Hess, but reserved unto himself a life estate therein. At the time this deed was executed and delivered Thresa Hess was married to the defendant George W. Hess, the plaintiff Marvin Hess being the sole issue of such marriage. On April 18, 1906, Thresa Hess died intestate leaving surviving her her husband George W. Hess and her son Marvin, the plaintiff herein. John Weidert, in whom a life estate was reserved, remained in possession of the land and enjoyed the rents and profits thereof until his death in December, 1937.

Plaintiff asserts that, under the laws of descent in Oregon, he is the owner in fee simple of the land in question. The defendant contends that he has an estate by curtesy in the land. From a decree in favor of plaintiff, the defendant appeals.

■ Whether the defendant has an estate by curtesy depends upon the meaning of section 5544, Bellinger and Cotton's Code, prior to its amendment in 1907 (Ch. 87, G. L. O. 1907) which provides as follows:

"When any man and his wife shall be seised in her right of any estate of inheritance in lands, the husband shall, on the death of his wife, hold the lands for his life, as tenant thereof by the curtesy, although

such husband and wife may not have had issue born alive.''

It is conceded that Thresa Hess had an estate of inheritance by virtue of the conveyance to her by her father. The vital question, however, is whether, during coverture, she was ever seised of such an estate within the meaning of the statute. The above section of the statute is declaratory of the common-law rule relative to curtesy, except as modified by eliminating the requirement concerning issue being born alive: *Runyan v. Winstock*, 55 Or. 202, 104 P. 417, 105 P. 895.

 Under the common law, four things are requisite to an estate of tenancy by the curtesy, namely: (1) Marriage; (2) seisin of wife; (3) birth of child alive, capable of inheriting from the mother; and (4) death of the wife during the lifetime of the husband: Thompson on Real Property, § 782; 1 Washburn on Real Property (4th Ed.), p. 164. In the instant case we are concerned only with the second essential, seisin. Since the statute does not define ''seisin'' we must consider such word in the light of its generally accepted legal meaning: *Leet v. Barr*, 104 Or. 32, 202 P. 414, 206 P. 548. Seisin as applied to land is a technical term that implies the possession of an estate of freehold. Seisin in fact is the actual possession of the land. Seisin in law is the right to immediate possession, according to the nature of the estate: Thompson on Real Property, § 30. In *Altschul v. O'Neill*, 35 Or. 202, 207, 58 P. 95, the court quoted from *Towle v. Ayer*, 8 N. H. 57, thus defining seisin:

''Seisin then may be defined to be the possession of land under a claim, either express or implied by law, of an estate amounting at least to a freehold.''

Defendant's wife was never in possession of the land in which he claims a curtesy interest, nor did she have any immediate right of possession thereto, for the reason that the life estate reserved by her grantor had not terminated during her lifetime. We cannot concur in the view of appellant that "ownership" of an estate of inheritance meets the requirement of the statute that there must be a seisin of the estate of inheritance. It is apparent that the legislature used the word "seised" in its common-law sense, that is, actual or constructive possession of the land. Here, there has been neither seisin in fact nor in law. Certainly the legislature did not intend that the husband should have a curtesy right in lands to which his wife was not entitled to possession. It is established by overwhelming authority that curtesy does not exist where the wife's interest is merely a remainder expectant on a prior estate which did not terminate during the coverture. See cases in notes 128 Am. St. Rep. 474; 112 Am. St. Rep. 571; 6 Am. and Eng. Ann. Cas. 93. In 15 American Jurisprudence 282, it is said:

"As a general rule, a husband has no right of curtesy in lands in which his wife had an estate in remainder after a life tenancy if she dies before the expiration of the life tenancy and never has a right to possession." Citing numerous authorities in support of the text.

The decree is affirmed.

KELLY, BAILEY, and LUSK, JJ., not sitting.