Argued October 12, reversed November 3, 1954

RYALS ET UX. *v.* SMITH ET AL.

275 P. 2d 853

*Carlisle B. Roberts,* Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Robert Y. Thornton, Attorney General, and Omar W. Halvorson, Assistant Attorney General, Salem.

*Melvin Goode* and *Willard Bodtker,* Albany, argued

the cause for respondents. On the brief was Melvin Goode, Albany.

Before LATOURETTE, Chief Justice, WARNER, ROSSMAN, BRAND, TOOZE and PERRY, Justices.

## LATOURETTE, C.J.

The legal question posed is whether the three-year statute of limitation provided for in § 110-1625, OCLA, applies to summary administrative procedure under which the State Tax Commission issues a distraint warrant for the collection of income taxes pursuant to § 110-1623. The trial court held in the affirmative.

There are two methods provided by law for the collection of income taxes: One, by action at law, § 110-1625, supra, and the other, by a summary proceeding, § 110-1623, supra. Under the summary proceeding statute, after the tax becomes due the tax commission shall issue a warrant under its hand and seal directed to the sheriff of any county commanding him to levy upon and sell the real and personal property of the taxpayer found in his county for the payment of the amount thereof and make return of such warrant to the commission accompanied by payment of the tax recovered within 60 days from the date of the warrant. It is further provided that the sheriff shall file a copy of such warrant with the county clerk who shall enter the same in the judgment docket, whereupon the same shall become a lien upon the title of the real and personal property of the taxpayer and that thereafter execution may be issued upon said judgment for the collection of such taxes. There is no limitation contained therein upon the tax commission as to the time for the collection of such tax.

To sustain their contention that the tax imposed on them via distraint procedure is outlawed, plaintiffs rely upon § 110-1625, OCLA, which follows:

"Action may be brought by the attorney general of the state, at the instance of the commission, in the name of the state, to recover the amount of any taxes, penalties and interest due under this act, provided the action for recovery is commenced within three (3) years from the time the return was filed or where no return was filed within three (3) years from the date of notice of assessment, or within a period covered by a waiver of restriction upon the assessment of additional income tax whichever period expires the later. This limitation shall not apply to an action involving cases in which fraud is charged."

They contend that the word "action" is broad enough to include the activities of the commission in proceeding under the distraint statute.

██ It is a rule that where the language of a statute is plain and unambiguous it needs no interpretation. *Sunshine Dairy v. Peterson,* 183 Or 305, 317, 193 P2d 543. Since the statute does not define the word "action" we must consider the same in the light of its generally accepted legal meaning. *Leet v. Barr,* 104 Or 32, 202 P 414, 206 P 548; *Hess v. Hess,* 162 Or 266, 91 P2d 850.

In *Giant Powder Co. v. Oregon Western Ry. Co.,* 54 Or 325, 327, 101 P 209, 103 P 501, we said:

"An 'action' is a proceeding at law to enforce a private right or to redress a private wrong. * * * A suit or action, according to its legal definition, is a lawful demand of one's right in a court of justice."

A similar question was before the supreme court of Utah in the case of *Crystal Car Line v. State Tax*

*Commission,* 110 Utah 426, 174 P2d 984 (1946). Under the Utah statute a three-year limitation was placed on the commission in which to bring an action. The taxpayer in that case raised the question whether or not a summary proceeding employed by the commission to recover the tax was an action. The court held that the term "action" applied to proceedings in courts of justice or quasi judicial bodies in which the rights of the parties thereto are determined and that therefore the statute of limitation did not apply. See *Fisk v. City of Keokuk,* 144 Iowa 187, 122 NW 896; *Whisenand v. Van Clark,* 227 Iowa 800, 288 NW 915.

■ There being no limitation as to time in which the State may collect its income taxes in a distraint proceeding, it follows that the decree of the trial court is erroneous.

Reversed.