**In re E.W. SHIELDS, INC., Debtor.**

**John B. FRANZWA, Trustee, Plaintiff,**

**v.**

**OREGON DEPARTMENT OF REVENUE, Defendant.**

**Bankruptcy No. 382–01743.**
**Adv. No. 83–0228.**

United States Bankruptcy Court,
D. Oregon.

Oct. 12, 1983.

Jerome B. Shank, Portland, Or., for plaintiff.

James C. Wallace, Salem, Or., for defendant.

MEMORANDUM GRANTING JUDGMENT TO DEFENDANT, OREGON DEPARTMENT OF REVENUE

DONAL D. SULLIVAN, Bankruptcy Judge.

The trustee seeks to avoid as preferential the payment of some $65,507.99 to the Oregon Department of Revenue (Department). Both sides have in effect moved for summary judgment. The Court has concluded that the Department is entitled to judgment.

The parties agree that the elements of a voidable preference existed at all relevant times. The undisputed facts are as follows: Prior to filing bankruptcy, the debtor owed substantial withholding and Tri-Met taxes. On May 27, 1982, distraint warrants were issued and recorded in Multnomah County. On May 28, 1982, the Department served notices of distraint and notices of garnishment. The garnishee subsequently delivered to the Department the sum which the trustee seeks to recover. Thereafter, on

June 7, 1982, the debtor filed for relief under Chapter 7.

The sole issue is whether the Department's lien for unpaid taxes is a statutory lien as defined in 11 U.S.C. § 101(39) [1] or a judicial lien as defined in 11 U.S.C. § 101(27). The parties agree that in the latter case the trustee would prevail, while in the former case the Department must prevail because of 11 U.S.C. § 547(c)(6), which excepts from the trustee's avoidance power "the fixing of a statutory lien that is not avoidable under section 545 of this title." The trustee concedes that the Department's lien, if statutory, is not avoidable under section 545.

Oregon law, O.R.S. 314.417, provides that a lien for unpaid income taxes or withholding taxes "shall arise at the time of assessment or the time the amount withheld is to be paid . . . and the lien shall continue until the liability for taxes . . . is satisfied." The lien so created is not perfected until further steps have been taken. Under O.R.S. 314.-430, the Department may issue distraint warrants which are then recorded in the judgment docket. "Thereafter the amount of the warrant so docketed shall become a lien upon the title to and interest in property of the taxpayer against whom it is issued in the same manner as a judgment docketed in the office of such clerk." O.R.S. 314.-430(2). The trustee's position is that the provisions of O.R.S. 314.430 make the Department's lien judicial in nature. The trustee seeks added support for his position in O.R.S. 314.423, which provides that, for purposes of determining priority as against certain classes of third parties, the Department's lien is valid only from the time of docketing under O.R.S. 314.430, i.e., the lien does not "relate back" to the original due date or date of assessment.

There is no Oregon decision addressing the issues involved here. The few decisions that mention the relevant statutes contain language to the effect that "[t]he Oregon tax liens have the status of 'judgments' by virtue of O.R.S. 314.430(2)." *United Finance Co. v. King,* 285 Or. 173, 590 P.2d 228,

230 (1979); see also *Gower v. State Tax Comm'n,* 207 Or. 288, 295 P.2d 162, *reh. denied,* 296 P.2d 239 (1956). These decisions are not particularly helpful in deciding the present case because the inherent nature of the tax lien—as opposed to the status of the lien subsequent to its creation—was not at issue in either case.

Neither counsel nor the Court has discovered any case holding that a tax lien is other than statutory in nature. Judge Folger Johnson has stated: "Where the [assessment] lien is 'fixed' or perfected by filing within the 90 days prior to bankruptcy, Section 547(c)(6) prevents it from being a preference." *In re K & L Interiors, Inc.,* No. 82–0305, Findings and Conclusions at 2 (Bankr.D.Or. Sept. 1, 1982); see also *Rogers Refrigeration, Inc.,* 33 B.R. 59 (Bkrtcy.D. Or., 1983). Judge Johnson's conclusion, which is based on an initial determination that a tax lien is a statutory lien, is in harmony with what seems to be a unanimity of authority. In deciding a dispute involving the relative priority of a federal tax lien for unpaid withholding and unemployment taxes and insurance contributions and a city lien for unpaid real estate taxes and water rent, the United States Supreme Court repeatedly referred to the liens involved as "statutory liens". *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Two courts of appeals appear to have rejected the argument urged here by the trustee. *In re Perry,* 487 F.2d 84 (9th Cir.1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974) (see especially 487 F.2d at 87) (dissenting opinion); *Matter of Thriftway Auto Rental Corp.,* 457 F.2d 409, 413 & n. 6 (2d Cir.1972). Finally, both the legislative history and Collier conclude rather routinely that tax liens are statutory liens. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 27 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787; *Collier on Bankruptcy,* ¶ 101.39 at 101–77, 101–78 (L. King 15th ed.).

---

1. Formerly § 101(38); amended by Pub.L. No. 97–222, § 1, 96 Stat. 235 (1982).

The Department's lien came into existence automatically, by force of statute. While the lien may be "inchoate until acted upon", *Anaconda Co. v. Dep't Revenue,* 6 Or.T.R. 475, 482, *rev'd on other grounds,* 278 Or. 723, 565 P.2d 1084 (1977), the fact that further steps must be taken to perfect the lien does not change its nature. The Department's lien is a statutory lien.

Judgment shall be entered in favor of defendant, Oregon Department of Revenue.