**In re John DARNELL, Debtor.**

**Bankruptcy No. 48300433.**

United States Bankruptcy Court,
W.D. Kentucky.

March 5, 1986.

Barbara Murley Harris, Asst. U.S. Atty., Louisville, Ky., for the I.R.S.

Edward A. Sieman, Com. of Ky., Frankfort, Ky., for Revenue Cabinet.

Russ Wilkey, Owensboro, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In this case of competing prepetition tax liens, state and federal, we are urged to assign the higher priority to the lien which arose first in point of time. Under the clear language of the Bankruptcy Code we are unable to reach that result.

State and federal tax liens in excess of $100,000 were asserted against the property of John Darnell before he took bankruptcy, with the federal tax lien having been filed first. Darnell's bankruptcy proceeded through routine administration, at the conclusion of which his trustee obtained a court order authorizing the distribution of approximately $22,000 to the competing tax authorities on a pro rata basis. The Internal Revenue Service now seeks reconsideration of that order.

The IRS advances two closely related arguments in support of its position. First, it contends that it has priority because its tax claim is a "secured" claim which was filed and perfected prior to the Kentucky tax lien. This argument completely overlooks Section 724(b) of the Bankruptcy Code,[1] which modifies the secured claim status of the IRS lien so that it is, for bankruptcy purposes, an unsecured

---

1. Section 724(b) provides that:
   (b) Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed—

priority tax claim,[2] a status identical to that enjoyed by the Kentucky tax claim.[3]

■ Secondly, the IRS argues its senior entitlement under the "first in time, first in right" doctrine of *United States v. City of New Britain.* [4] While the *New Britain* priority rule is "widely accepted," [5] by its own terms it does not apply where there has been "legislation to the contrary".[6] In the present bankruptcy context, Congress has seen fit to create a different distribution scheme.[7] Section 724(c) provides that:

(c) If more than one holder of a claim is entitled to distribution under a particular paragraph of subsection (b) of this section, distribution to such holders under such paragraph shall be in the same or-

(1) first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;

(2) second, to any holder of a claim of a kind specified in Section 507(a)(1), 507(a)(2), 507(a)(3), 507(a)(4), or 507(a)(5) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;

(3) third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection;

(4) fourth, to any holder of an allowed claim secured by a lien on such property that is not available under this title and that is junior to such tax lien;

(5) fifth, to the holder of such tax lien, to the extent that such holder's allowed claim secured by such tax lien is not paid under paragraph (3) of this subsection, and

(6) sixth, to the estate.

**2.** "Subsection (b) governs tax liens. It is derived from Section 67c(3) of the Bankruptcy Act, without substantial modification in result. It subordinates tax liens to administrative expense and wage claims, and solves certain circuitry of lien problems that arise in connection with the subordination."

*House Report* No. 95–595, 95th Cong., 1st Sess. 382 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6338. *See also In re Barry,* 31 B.R. 683, 687 (Bkrtcy.S.D.Ohio 1983) Levin, *An Introduction to the Trustee's Avoiding Powers,* 53 Am. Bankr.L.J. 173, 178 ("The Bankruptcy Code subordinates statutory tax liens. The subordination ... cover[s] real property as well as personal property, unlike [the prior] Bankruptcy Act.... this provision ... operates as an indirect government subsidy of priority claimants. The pervasiveness of the tax lien would leave

der as distribution to such holders would have been other than under this section.[8]

In this case both tax authorities are entitled to distribution under paragraph 3 of Section 724(b). We must therefore turn to Section 726 of the Bankruptcy Code, which generally governs the distribution of property of the estate,[9] to determine how the trustee's funds "would have been [distributed] other than under [Section 724]."

Section § 726(b) governs how a particular class of priority claims are to be paid if there are inadequate funds in the estate to pay in full all holders of claims within that class.[10] It provides that payments on claims within the same priority class "shall

nothing to be administered in bankruptcy otherwise.")

**3.** *See* 11 U.S.C. § 724(b)(3) (1982) *reprinted at* note 1, *supra.*

**4.** 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

**5.** *Id.* at 85, 74 S.Ct. at 370.

**6.** *Id.*

**7.** Cases cited by the IRS indicating that the "first in time, first in right" rule applies in bankruptcy proceedings, however correctly decided under their own factual situations, are not applicable to the present action. *See generally Pearlstein v. U.S. Small Business Administration,* 719 F.2d 1169 (D.C.Cir.1983); *U.S. v. Wasserman,* 257 F.2d 491 (1st Cir.1958); *In re E.W. Shields, Inc.,* 34 B.R. 44 (Bkrtcy.D.Ore.1983); *In re Tuggle,* 22 B.R. 439 (Bkrtcy.N.D.Ga.1982). Here we are confronted with two priority tax claims of perfectly equal status.

**8.** 11 U.S.C. § 726(c) (1982).

**9.** This Section [726] is the general distribution section for liquidation cases. It dictates the order in which distribution of property of the estate, which has usually been reduced to money by the trustee under the requirements of Section 704(1). *Senate Report* No. 95–989, 95th Cong., 2d Sess. 96–97 (1978). *House Report* No. 95–595, 95th Cong., 1st Sess. 383 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5882–5883, 6339.

**10.** *See Senate Report* No. 95–989, 95th Cong., 2d Sess. 97–98 (1978); *House Report* No. 95–595, 95th Cong., 1st Sess. 383–384 (1977).

be made pro rata among [the] claims of [that] kind."[11]

Under the Bankruptcy Code, both of these tax claims are within the same priority class.[12] Since there are inadequate funds in the estate to pay both of these claims in full, then the trustee *must* make partial pro rata payments to competing tax authorities, as he has done here, in order to follow the complex scheme of Bankruptcy Code priorities.

In conclusion we note that Congress, in creating a uniform system of bankruptcy laws, modified a number of common law rules relating to both the status and priority of certain debts. Claims based on governmental tax liens are a class of obligations significantly affected by these changes. Section 724 subordinates a tax lien from the status of a secured claim to that of a seventh-ranking priority claim.[13] With the loss of secured status goes the chronological seniority that attaches only to secured, not unsecured, claims. Other code provisions[14] reject the common law doctrine of "first in time, first in right", in favor of the pro rata distribution rule of 11 U.S.C. § 726. We view the statutory scheme as sufficiently clear that it overrides all pre-code caselaw to the contrary, including the *New Britain* rule.

Accordingly, the IRS motion to reconsider our Order for the Payment of Dividends is OVERRULED. This is a final order.

---

**11.** *Id.* *See also House Report* No. 95–595, 95th Cong., 1st Sess. 382 (1977), U.S.Code Cong. & Admin.News 1978, p. 6338 ("If there are any liens that are equal in status to the [§ 724(b)(3)] tax lien, they share *pari passu* with the tax lien under the distribution provisions of this subsection").

**12.** *See* 11 U.S.C. § 507(a)(7) (1982).

**13.** *See* notes, *Supra* and accompanying text.

**14.** *See* notes 4–11, *Supra* and accompanying text.